IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WENDELL O. WHIDDON                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 2:09cv100-KS-MTP

CARLOS MARTIN                                                                   DEFENDANT

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on February 23, 2010. The Plaintiff appeared *pro se*, and the Defendant was represented by attorney Jim Dukes. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

### 1. JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time the claims in this action arose, Plaintiff was incarcerated at the Forrest County Jail as a pre-trial detainee on one charge, and for a probation violation on a previous conviction.[2] Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Plaintiff is currently incarcerated at the Lamar County Jail.

[3] *See Hurns v. Parker*, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

Plaintiff claims that on April 14, 2009, he was assaulted by Defendant Carlos Martin, an Officer at the Forrest County Jail. Plaintiff claims that Officer Martin slapped his face with an open hand three times, and that he pushed his head against the wall twice. Plaintiff testified that he did nothing to provoke Officer Martin. Plaintiff further claims that three days later, he asked Officer Martin for both a medical services form and a grievance form, but Officer Martin refused and verbally threatened him.[4]

As a result of the alleged assault, Plaintiff claims that he suffered from a headache that lasted for approximately a week and a half. Plaintiff conceded that he did not suffer any broken bones, cuts or abrasions, and that he has not experienced any long-term physical damage. Plaintiff avers that he never received any medical treatment following the alleged assault. Plaintiff claims that he received a grievance form approximately two weeks after the alleged assault, which he filed, but that he never received any response.

## 2. DISCOVERY ISSUES

Within thirty days, Defendant shall produce to Plaintiff: a copy of any grievance or complaint filed by Plaintiff regarding the alleged assault; and any documents reflecting Plaintiff's efforts to seek medical treatment following the alleged assault. There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. MOTIONS DEADLINE AND TRIAL

---

[4] Plaintiff alleges that Officer Martin said to him: "If you don't shut up, your teeth are going to be hurting."

The deadline for the filing of motions (other than motions *in limine*) is May 15, 2010. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty days, Defendant shall produce to Plaintiff: a copy of any grievance or complaint filed by Plaintiff regarding the alleged assault; and any documents reflecting Plaintiff's efforts to seek medical treatment following the alleged assault.

2. The deadline for the filing of motions (other than motions *in limine*) is May 15, 2010.

3. This order may be amended only by a showing of good cause.

4. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 23rd day of February, 2010.

    s/ Michael T. Parker
    United States Magistrate Judge