IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WENDELL WHIDDON                                                                    PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 2:09cv100-MTP

CARLOS MARTIN                                                                      DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion for Summary Judgment [42] and *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2).[1] Having reviewed the submissions of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion should be granted and that this action should be dismissed with prejudice.[2]

Factual Background

Plaintiff Wendell Whiddon filed suit *pro se* on May 27, 2009, pursuant to 42 U.S.C. § 1983, against Defendant Carlos Martin, an officer at the Forrest County Jail in Hattiesburg,

---

[1] Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

[2] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [31], the undersigned is authorized to enter final judgment pursuant to 28 U.S.C. § 636 (c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

Mississippi (the "Jail").[3]  As clarified by his sworn testimony at an omnibus hearing held on February 23, 2010 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[4] Plaintiff claims that on April 14, 2009, he was assaulted by Officer Martin at the Jail.  Specifically, Plaintiff alleges on that date, there was a fire on the fourth floor of the Jail, and all inmates were evacuated to the first floor.  Plaintiff claims that when he and several other inmates returned to the fourth floor, Officer Martin was there and he slapped Plaintiff's face with an open hand three times and pushed his head against the wall twice.  Plaintiff testified that he did nothing to provoke Officer Martin.  Plaintiff further claims that three days later, he asked Officer Martin for both a medical services form and a grievance form, but Officer Martin refused and verbally threatened him.

As a result of the alleged assault, Plaintiff claims that he suffered from a headache that lasted for approximately a week and a half.  Plaintiff concedes that he did not suffer any broken bones, cuts or abrasions, and that he has not experienced any long-term physical damage.  Plaintiff avers that he never received any medical treatment following the alleged assault.  Plaintiff claims that he received a grievance form from another officer approximately two weeks after the alleged assault.  Plaintiff claims that he filed the grievance, but never received any

---

[3] At the time the claims in this action arose, Plaintiff was incarcerated at the Jail as a pre-trial detainee on charges of manufacture of a controlled substance and possession of methamphetamine, as well as on a probation violation.  *See* Exhs. 1 & 2 to Motion for Summary Judgment; *see also* [42-21] at 6-8 (transcript of omnibus hearing).  The Jail was dismissed as a defendant by Order [14] dated September 29, 2009.  Plaintiff is currently incarcerated at Marion-Walthall County Regional Correctional Facility in Columbia, Mississippi.

[4] Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

response.

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497

U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## Analysis

### Excessive Force

The analysis for an excessive force claim is the same whether it is brought by a pretrial detainee or a convicted inmate. *See Valencia v. Wiggins*, 981 F.2d 1440, 1446-47 (5th Cir. 1990); *see also Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993); *Watts v. Smart*, 328 Fed. Appx. 291, 293 (5th Cir. May 1, 2009); *Haddix v. Kerss*, 203 Fed. Appx. 551, 554 (5th Cir. Oct. 9, 2006). When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied *in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.*" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (emphasis in original); *see also Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).

The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Copeland v. Nunan*, 2001 WL 274738, at * 2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 1) (internal quotations and

4

citations omitted). Some of the relevant objective factors in the inquiry of the application of force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

In support of his motion, Officer Martin has submitted an affidavit in which he avers that on April 14, 2009, the day of the alleged assault, he was off duty when a fire was reported at the Jail and all officers were called back to work. Officer Martin returned to the Jail. He avers that at no time did he have any physical contact with Plaintiff. He further avers that it is the policy of the Jail that all officers must immediately file an incident report if there is any physical altercation, and that no such incident report was filed. *See* MSJ Exh. 33. The Assistant Jail Administrator, Donnell Brannon, has also submitted an affidavit in which he avers that the incident reports generated from April 14, 2009 indicate that all inmates in cell blocks 43 and 44 were evacuated because of the fire, but that there is no specific mention of Plaintiff in the reports, nor are there any other incident reports in the Jail records regarding Plaintiff. *See* MSJ Exh. 32. Ruby Bunkheila, the nurse at the Jail, avers that she reviewed Plaintiff's medical records and that there was no request for medical treatment relating to any alleged assault on April 14, 2009. *See* Exh. 34 to Motion for Summary Judgment.

The court further notes that there is no mention of Plaintiff or any alleged use of force on Plaintiff in the Jail's Daily Shift Reports for April 14 or April 15, 2009. *See* MSJ Exhs. 4, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, & 28. The Shift Commander Reports from April 14 and April 15, 2009 reflect that there was only one "incident" that occurred

- generating one incident report - and that was the fire on April 14, 2009. *See* MSJ Exhs. 3, 14 & 21; *see also* MSJ Exhs. 29 & 30 (incident report). In addition, the Inmate Events Report for Plaintiff does not reflect any activity for Plaintiff on April 14, 2009. *See* MSJ Exh. 13.

In opposition to Defendant's motion, Plaintiff submitted a three-page response with no supporting materials in which he simply reiterates the allegations he made in his Complaint and at the omnibus hearing. *See* [45]. However, in opposing summary judgment, "[i]t is not enough for [Plaintiff] to rest on mere conclusory allegations or denials in his pleadings...[Plaintiff] must point out, with factual specificity, evidence demonstrating the existence of a genuine issue of material fact on every component of his case." *Park v. Stocksill Boat Rentals, Inc.*, 492 F.3d 600, 605 (5th Cir. 2007) (citations omitted); *see also Paul Kadair, Inc. v. Sony Corp.*, 694 F.2d 1017, 1030 (5th Cir. 1983) ("a plaintiff cannot defeat a motion for summary judgment by merely restating conclusory allegations contained in his complaint"); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) ("the party opposing a motion supported by affidavits cannot discharge his burden by alleging legal conclusions.").

Based on the evidence before the court, there is no record of any altercation or use of force applied by Officer Martin on April 14, 2009. Defendants have submitted affidavits and other documentary evidence supporting their argument that no excessive force was applied to Plaintiff by Officer Martin on April 14, 2009. Plaintiff has failed to offer competent summary judgment evidence rebutting the sworn testimony of Officer Martin, Mr. Brannon or Nurse Bunkheila.

Moreover, even assuming *arguendo* that Officer Martin did use force against Plaintiff as he alleges, and that such use of force was not applied in a good faith effort to restore discipline,

6

based on the *de minimis* nature of the injury allegedly suffered by Plaintiff - a headache - Plaintiff has still failed to establish an Eighth Amendment violation. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury); *Lee v. Wilson*, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's busted lip was *de minimis* injury); *see also Parker v. Currie*, 2008 WL 4147757, at * 6 (E.D. Tex. Aug. 29, 2008), *appeal dismissed by* 359 Fed. Appx. 488 (5th Cir. Jan. 4, 2010) (stating that plaintiff's allegations that he was "left in pain" and "had headaches" were "not sufficient to show that [plaintiff] sustained an injury which was more than de minimis.").

Thus, based on the foregoing, the court concludes that Officer Martin is entitled to judgment as a matter of law on Plaintiff's excessive force claim.

Finally, to the extent Plaintiff alleges a claim against Officer Martin in his official capacity, Plaintiff has failed to prove that a policy, custom or practice of the Forrest County Jail was the "moving force" behind the alleged constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).[5] Accordingly, any such claim should be dismissed as well.

---

[5] "For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom, or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Denial of Grievance Forms

Plaintiff claims that following the alleged assault, he was denied grievance forms by Officer Martin, although he concedes that he was eventually able to obtain one from another officer two weeks after the alleged assault. Plaintiff alleges that he filed the grievance but never received an answer.

A prisoner does not have a constitutional right to a grievance procedure, and has no due process liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Accordingly, this claim fails as a matter of law.

To the extent that Plaintiff asserts a claim for denial of access to the courts, this claim is unavailing as well. "Prisoners retain a right of adequate, effective, and meaningful access to the courts." *Roberson v. Hewes*, 701 F.2d 418, 420 (5th Cir. 1983). However, in order to state a constitutional violation, Plaintiff must show a "relevant actual injury" caused by the alleged denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim'"); *see also Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. Apr. 23, 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes County*, 89 Fed. Appx. 439, 442 (5th Cir. Jan. 23, 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected").

Plaintiff has failed to allege, much less demonstrate, that he was actually injured or prejudiced by the alleged denial of access to the ARP. Indeed, Plaintiff conceded at the *Spears* hearing that he obtained a copy of the appropriate grievance form two weeks after the alleged assault and that he filed it.[6] Moreover, the claims that were presumably the subject of this grievance - the alleged assault by Officer Martin and related matters - are currently before this court. Accordingly, as Plaintiff has failed to establish that he was denied the ability to file a grievance or to access the courts in any way, this claim has no merit and should be dismissed.[7]

Denial of Medical Treatment

Plaintiff claims that following the alleged assault, Officer Martin denied his request for a medical services form.

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th

---

[6] The court notes that the deadline for filing a grievance under the MDOC's Administrative Remedy Program is thirty days after an incident has occurred. *See* MDOC Inmate Handbook, Ch. VIII (available at http://www.mdoc.state.ms.us/Inmate_Handbook/Chapter%20VIII.pdf). Thus, even if there were a two-week delay before Plaintiff received the form he requested, such a delay would not have impeded his ability to timely file his grievance.

[7] Although Defendant has not moved for summary judgment on this claim, nor has he moved for summary judgment on Plaintiff's claims of denial of access to the courts or the threats allegedly made by Defendant, the court is authorized to dispose of them *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).

9

Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* at 838. To successfully make out a showing of deliberate indifference, Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756).

Even if Officer Martin did deny Plaintiff a medical services request form,[8] thereby impeding his access to medical treatment, there is no evidence in the record that Plaintiff was exposed to a "substantial risk of serious harm" and that Defendant was aware of such risk and disregarded it. As noted *supra*, Plaintiff conceded that he did not suffer any broken bones, cuts, abrasions, or any long-term physical damage whatsoever as a result of the alleged assault. Accordingly, this claim should be dismissed. *See Farmer*, 511 U.S. at 838; *see also Hernandez v. Velasquez*, 522 F.3d 556, 561(5th Cir. 2008) (affirming summary judgment in favor of defendants on plaintiff's claim for deliberate indifference, since plaintiff's alleged muscle atrophy, stiffness, loss of range of motion, and depression did not pose a substantial risk of

---

[8] As discussed *supra*, Officer Martin denies that the assault ever took place.

serious harm); *Lee v. Wilson*, 237 Fed. Appx. 965, 966 (5th Cir. July 26, 2007) (*per curiam*) (affirming dismissal of denial of medical treatment claim where Plaintiff's claimed injury - a busted lip - was "de minimis" and defendants' "conduct 'was not repugnant to the conscience of mankind.'") (quoting *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)).

Threats

Plaintiff claims that when Officer Martin denied his request for grievance and medical treatment forms, he verbally threatened him.[9] However, even if Officer Martin did threaten Plaintiff, it is well-settled that "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quoting *Coyle v. Hughes*, 436 F.Supp. 591, 593 (W.D. Okla. 1977)). Accordingly, this claim should be dismissed.

Qualified Immunity

Although Defendant has raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir. 1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether the Defendant is entitled to qualified immunity. *See Wells*, 45 F.3d at 93.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendant's Motion for

---

[9] Plaintiff alleges that Officer Martin said to him: "If you don't shut up, your teeth are going to be hurting."

Summary Judgment [42] is granted and Plaintiff's claims are dismissed with prejudice. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED AND ADJUDGED on this the 1st day of September, 2010.

s/ Michael T. Parker  
United States Magistrate Judge